DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Tommie Gibson appeals from an order dismissing his second petition for postconviction relief. We affirm.
I.
 On July 29, 1996, Gibson was convicted of five counts of rape. Gibson's first petition for postconviction relief was denied on February 4, 1997. On April 11, 1997, Gibson filed a second petition for postconviction relief. This second petition was initially denied without explanation on April 16, 1997. After unsuccessfully attempting to appeal this denial, Gibson filed a motion with the trial court requesting findings of fact and conclusions of law to supplement the April 16, 1997 denial. The trial court granted this motion and dismissed Gibson's second petition. Gibson timely appeals.
II.
 Gibson raises several arguments on appeal related to the merits of his second petition for postconviction relief. However, the trial court was never required to address the merits of Gibson's second petition.
R.C. 2953.23 governs second or successive petitions for postconviction relief and states:
 (A) Whether a hearing is or is not held on a petition [for postconviction relief], a court may not entertain a * * * second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
* * *
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
Gibson's second petition for postconviction relief never addressed the requirements of R.C. 2953.23(A). For instance, Gibson made no effort to show that a reasonable fact finder would have found him not guilty but for the constitutional errors alleged. Therefore, the trial court was never required to entertain Gibson's second petition. As such, we cannot say that the trial court erred in dismissing Gibson's second petition.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ DANIEL B. QUILLIN
FOR THE COURT
SLABY, P.J.
BAIRD, J. CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)